MANDATE

# United States Court of Appeals
FOR THE
SECOND CIRCUIT

———————

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 1st day of March, two thousand twenty-two.

Present:
    Gerard E. Lynch,
    Raymond J. Lohier, Jr.,
    William J. Nardini,
        *Circuit Judges*.

———

Segundo Berrezueta, AKA Jose Berezueta, AKA Segundo Merchan Berrezueta,

        *Petitioner*,

v.                                    20-1806
                                        NAC

Merrick B. Garland, United States Attorney General,

        *Respondent*.

———

Petitioner seeks review of the Department of Homeland Security's 2020 order reinstating his 2004 removal order and an immigration judge's ("IJ's") decision affirming an asylum officer's negative reasonable fear finding. Respondent moves to dismiss in part and deny in part, and Petitioner moves for a stay of removal. Petitioner also moves to supplement the record and Respondent moves to strike Petitioner's reply to its opposition to the motion to supplement. Upon due consideration, it is hereby ORDERED that Respondent's motion to dismiss in part and deny in part is GRANTED, and the petition is DISMISSED in part and DENIED in remaining part.

We dismiss the petition for lack of jurisdiction to the extent Petitioner challenges the underlying 2004 removal order, and we dismiss it as to the reasonable fear determination because Petitioner explicitly waives review of that determination. *See* 8 U.S.C. § 1231(a)(5); *Garcia-Villeda v.*

MANDATE ISSUED ON 04/22/2022

*Mukasey*, 531 F.3d 141, 150 (2d Cir. 2008) (jurisdiction); *Nokia Corp. v. Uzan*, 425 F.3d 1005, 1008 (2d Cir. 2005) (waiver).

We deny the petition in remaining part because Petitioner failed to exhaust his challenges to the reinstatement order. *See Foster v. INS*, 376 F.3d 75, 78 (2d Cir. 2004); *Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 107 & n.1, 122 (2d Cir. 2007) (holding that issue exhaustion is "mandatory"). The administrative record is devoid of any evidence of a written or oral statement to the Department of Homeland Security contesting the reinstatement order. *See* 8 U.S.C. § 1252(b)(4)(A) (limiting judicial review to administrative record).

Even if exhausted, we would find no merit to Petitioner's challenge to the reinstatement. His primary argument that he cannot be subject to a reinstated removal order because he departed the United States pursuant to a voluntary departure order is belied by both the administrative record, which reflects that he was removed after the voluntary departure period expired, and the attachments to his motion to supplement, which indicate that he did not timely provide a plane ticket as required to comply with the voluntary departure order. Moreover, he has not otherwise shown the deprivation of a fundamental right or prejudice from the alleged due process violations. *See Nolasco v. Holder*, 637 F.3d 159, 163 (2d Cir. 2011) ("Where the agency fails to follow its own regulations, we will remand to invalidate the challenged proceeding only where the alien demonstrates prejudice to the rights sought to be protected by the subject regulation or where the regulation at issue is promulgated to protect a fundamental right derived from the Constitution or a federal statute." (internal quotation marks and brackets omitted)); *Garcia-Villeda*, 531 F.3d at 149 (requiring showing of prejudice from alleged violation).

It is further ORDERED that the remaining motions are DENIED as moot.

FOR THE COURT:<br>
Catherine O'Hagan Wolfe, Clerk of Court

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit